LEE, C.J.,
dissenting:
¶ 30. I respectfully dissent as I would affirm the judgment of the trial court. The majority finds that L.T. Land and Gravel cannot recover damages based on breach of implied warranty of fitness for a particular purpose because it was not specifically pled in the complaint. However, Mississippi is a notice-pleadings state, and I cannot find such specificity was necessary.
¶ 31. Mississippi Rule of Civil Procedure 8(a)(1) states that a complaint must contain “a short and plain statement of the claim showing that the pleader is entitled to relief....” The comment to Rule 8 goes on to say:
The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleadings in prior Mississippi practice.... Although Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim.... The rule allows the claims to be stated in general terms so that the rights of the client are not lost by poor drafting skills of counsel.
¶ 32. The complaint states that “L.T. [Land] purchased the vehicle in question relying upon Defendant’s promise that he had rebuilt the bottom half of the engine.” The complaint also states: “In the course of making only 14 loads on a 10 mile haul, L.T. [Land] had to put 8 gallons of oil in the engine. Despite putting this oil in the engine, the engine failed.” Finally, the complaint states that L.T. Land would not have purchased the truck but for McNabb’s misrepresentations that the truck was in good working order. The facts presented in the complaint were sufficient to form the basis of a claim for breach of implied warranty of fitness for a particular purpose. Mississippi Code Annotated section 75-2-316 (Rev.2002) states in part:
Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller’s skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose.
*1148 ¶ 33. Even if the complaint failed to provide notice of the claim, the questioning throughout the trial dealt with whether McNabb knew of the intended use of the truck, the intended purpose of the truck, and L.T. Land’s reliance on McNabb’s knowledge. Mississippi Rule of Civil Procedure 15(b) allows for amendment of the pleadings to conform to the evidence. I would find that the issue of implied warranty of fitness for a particular purpose was tried by implied consent. McNabb failed to object to Edward Lee’s testimony about his purpose for purchasing the truck and his reliance on McNabb’s experience.
¶ 34. The majority finds that McNabb did not impliedly consent to a claim based on breach of implied warranty by failing to object. The majority finds that the questioning during trial was relevant to L.T. Land’s misrepresentation claim; thus, McNabb had no reason to object. Further, although L.T. Land specifically raised the issue of warranty of fitness for a particular purpose in closing argument, the majority finds this was too late since closing arguments cannot form the basis for Rule 15(b) implied consent. The majority cites American National Bank of Jacksonville v. Federal Deposit Ins. Corp., 710 F.2d 1528, 1539 n. 13 (11th Cir.1983), for the proposition that raising an issue in closing argument is not proof of implied consent as the other party is denied the opportunity to present evidence on this issue. However, in American National Bank, the issue raised in closing was statute of limitations. Id. The Eleventh Circuit Court of Appeals found no implied consent because the case was tried on the validity of an escrow agreement. Id. No evidence regarding statute of limitations was raised until closing argument. The case here is distinguishable. The actual words “warranty for fitness of a particular purpose” were not used until closing argument by L.T. Land, but evidence of breach of implied warranty of fitness for a particular purpose was put on throughout the trial. McNabb’s attorney chose to waive closing argument. While statements made in closing are not evidence, I find this irrelevant as the evidence of this claim had already been presented. As stated above, Mississippi is a notice-pleadings state. McNabb was given a chance to respond and rebut evidence of any claims made by L.T. Land during trial. Therefore, I would affirm the decision of the trial court and uphold the judgment in favor of L.T. Land.